# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS
### WESTERN DIVISION

| | |
|---|---|
| CAROL K. CONGLIS,<br>    Plaintiff,<br><br>v.<br><br>METHODIST LE BONHEUR<br>HEALTHCARE TENNESSEE,<br>    Defendant. | )<br>)<br>)<br>)<br>)  Case No.<br>)<br>)  Jury Trial Demanded<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Carol Conglis, for her complaint against the Defendant Methodist Le Bonheur Healthcare Tennessee, states as follows:

I.

This is an action for declaratory judgment and damages to redress the deprivation of rights secured to the plaintiff by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA); the Americans with Disabilities Amendments Act of 2008, 42 U.S.C. § 12101 et seq.; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. ("ADEA"); and the Tennessee Human Rights Act, T.C.A. § 4-21-101 et seq., (THRA), which prohibits, among other things, age and disability discrimination in employment.

II.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331. Plaintiff is alleging a violation of her rights under the ADA, the ADAAA, the ADEA, and the THRA. Venue is proper in this Court under 28 U.S.C. §1391(a). The claims arose within the jurisdiction of this district.

III.

Plaintiff Carol Conglis ("Ms. Conglis") was a seventy-six year-old individual at the time of the wrongs alleged herein and is a resident of Germantown, Shelby County, Tennessee. She was employed by the Defendant Methodist Le Bonheur Healthcare in Shelby County, Tennessee, from February 24, 2003, as a full-time Access Facilitator until August 11, 2012, when she was terminated.

IV.

Defendant Methodist Le Bonheur Healthcare Tennessee is a corporation organized under the laws of the State of Tennessee and is doing business in the State of Tennessee. Defendant is an employer within the meaning of 29 U.S.C. § 630(b), as well as an employer under T.C.A. § 4-21-102(4).

V.

On or about September 17, 2012, Ms. Conglis filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Such charge was filed within three hundred (300) days after the alleged unlawful employment practices alleged therein.

VI.

On or about March 28, 2013, the EEOC issued Ms. Conglis a Notice of Rights stating that she could file a civil action on her discrimination charges within ninety (90) days from the receipt of such Notice.  Ms. Conglis filed the Complaint in this case within ninety (90) days after the date on which she received such Notice of Rights.

VII.

The Plaintiff began work for the Defendant in February 2003 as an access facilitator.  She was a loyal and diligent employee during her years working for Defendant.  The rating she received on the last performance review she received in January 2012 prior to being terminated in August was excellent.

VIII.

The Plaintiff discovered in 2007 that she had kidney disease. The Defendant's management and human resources personnel knew she had a disability due to this disease.

IX.

Prior to the Plaintiff's termination in 2012, she had to be off work for surgery related to her disability and was granted leave under the Family and Medical Leave Act plus additional leave under the Defendant's leave policies.

X.

In early May 2012 the Defendant notified the Plaintiff that her position was being posted to be filled.  On July 10, 2012, when the Plaintiff notified the Defendant her physician had released her that day to return to work without restrictions, she was told her position had already been filled and she had thirty days to apply for other positions.

XI.

After the Plaintiff was told in July that her position had been filled and she had thirty days to apply for other positions, she applied for at least nine other positions within the same department where she had worked, as well for positions

in other departments and at other locations operated by the Defendant, but was not selected to fill any of those positions.

## XII.

At the end of the thirty days, on August 11, 2012, the Defendant told the Plaintiff she was discharged because she had not found another position and had no more leave available.

## XIII.

The Plaintiff avers she was not selected to fill any of the positions she applied for because of her age and/or her disability.

## XIV.

The Plaintiff avers the Defendant willfully discriminated against her because of her age in violation of the ADEA and the THRA by refusing to select her instead of less qualified younger individuals to fill the positions she applied for after she was released by her physician to return to work in July 2012 and then terminating her employment because she was not selected to fill one of those positions.

## XV.

The Plaintiff avers the Defendant intentionally discriminated against her because of her disability in violation of the ADA and the ADAAA by refusing to

select her instead of less qualified individuals, who had no disability, to fill the positions she applied for after she was released by her physician to return to work in July 2012 and then terminating her employment because she was not selected to fill one of those positions.

## XVI.

As a direct and proximate result of the foregoing, Plaintiff has suffered, and will continue to suffer, a major loss of pay and benefits, as well as mental distress, humiliation, embarrassment and loss of enjoyment of life.

## XVII.

The Plaintiff avers the Defendant's age discrimination against her was willful, justifying an award of liquidated damages.

## XVIII.

The Plaintiff avers the Defendant's disability discrimination against her was intentional, with malice, and in reckless disregard of her rights and protections under the ADA and the ADAAA, justifying an award of punitive damages.

WHEREFORE, the plaintiff respectfully requests that this Court grant the following relief:

1. Enter a declaratory judgment finding that the acts and practices of Defendant complained of herein are in violation of the laws of the United States prohibiting disability discrimination in employment;

2. Enter a declaratory judgment finding that the acts and practices of Defendant complained of herein are in violation of the laws of the United States prohibiting age discrimination in employment;

3. Enter a declaratory judgment finding that the acts and practices of Defendant complained of herein are in violation of the laws of the State of Tennessee prohibiting age and disability discrimination in employment;

4. Enter a declaratory judgment finding that the age discrimination against the Plaintiff was willful;

5. Enter a declaratory judgment finding that the disability discrimination against the Plaintiff was intentional and with malice and in reckless disregard of her rights under federal law;

6. Order the Defendant-Company to hire Plaintiff into a position comparable to one of the positions she was not selected to fill because of her age or disability or award her front pay until she is placed in such a position;

7. Award the plaintiff lost wages, including lost fringe benefits, plus interest, which resulted from the illegal discrimination;

8. Award the plaintiff liquidated damages for the age discrimination in violation of federal law;

9. Award the Plaintiff compensatory damages for the age discrimination in violation of Tennessee law;

10. Award the Plaintiff compensatory damages for the disability discrimination in violation of state and federal law.

11. Award the Plaintiff punitive damages for the disability discrimination;

12. Award the plaintiff the costs of this action, together with reasonable attorney's fees;

13. Grant the plaintiff such other and further relief as this court deems appropriate.

        Respectfully submitted,

        **NORWOOD & ATCHLEY**

        /s/ Dan M. Norwood
        Dan M. Norwood
        266 South Front Street, Suite 206
        Memphis, Tennessee 38103
        Tel: (901) 528-8300
        Fax: (901) 529-9101
        dannorwood@nhalaw.com